THE CITY OF KANSAS CITY v. MARY J. BRADBURY.

1. DEFECTIVE SIDEWALK—*Personal Injury—Notice to City.*  Where a city is sued for injuries resulting from a defect in a sidewalk, it must appear either that the city had notice of the defect, or that it was a patent defect and had continued so long that notice might reasonably be inferred, or that the defect was one which with reasonable and proper care should have been ascertained and remedied. (*Jansen v. City of Atchison,* 16 Kas. 358, and cases there cited.)

2. CITY—*Liability for Personal Injuries.*  An incorporated city, which negligently leaves one of its sidewalks out of repair, by reason whereof a person, without fault or negligence on his part, is injured, is liable to such party in damages for the injury so sustained. (*City of Fort Scott v. Brothers,* 20 Kas. 455; *Gould v. City of Topeka,* 32 id. 485.)

3. ——— *Defect in Sidewalk—Notice.*  If a city carelessly and negligently permits defects to exist in one of its sidewalks, no matter how caused, after notice thereof to the city, or for so long a time that notice is presumable, then it becomes liable, if a person is injured thereby without fault or negligence on his part. (*City of Atchison v. King,* 9 Kas. 550.)

4. ——— *Sufficient Charge.*  If the instructions of the court cover the entire ground, and inform the jury upon all matters necessary for their determination and inform them correctly, this is sufficient.

5. JURY—*Special Finding—Refusal Not Error.*  Either party has a right to a written finding of the jury upon any material question of fact involved in the case; but where a verdict is returned for the plaintiff in an action for personal injuries, and the trial court refuses to submit to the jury, at the instance of the defendant, "what sum the plaintiff is entitled to recover, on account of money paid out for medicine and the services of a physician," *held,* such refusal is not a sufficient ground for the reversal of the judgment, if the evidence of the plaintiff as to the expenses for medicine and medical attendance is uncontradicted and therefore undisputed.

*Error from Wyandotte District Court.*

On the 27th day of January, 1887, *Mary J. Bradbury* commenced her action against *The City of Kansas City* to recover $10,000 for personal injuries alleged to have been received by her on the 29th day of August, 1886, on Seventh street in that city, by reason of a loose board or plank in the sidewalk upon

that street flying up, tripping and throwing her down.    Trial had at the September term, 1887, before the court with a jury. The court instructed the jury as follows:

" 1.  The plaintiff in her petition alleges in substance that the defendant is a municipal corporation, and that it was the duty of defendant to keep the streets in repair and safe; one of its streets being, as alleged, called Seventh street, in the original city of Armourdale, now a part of defendant city, Kansas City, Kansas; that the said defendant, the city, failed to construct a sidewalk in said street of sufficient scantling and boards; that the work was unskillfully performed; that both in material and workmanship it was insufficient, unsafe and dangerous for public travel; and that said defendant knowingly permitted said sidewalk to be and remain out of repair, in allowing boards on said sidewalk to become loose and unfastened; and further alleges, that on or about the 29th day of August, 1886, while plaintiff was walking on said sidewalk, in the exercise of ordinary care and caution, unfastened boards in said sidewalk tipped up under her feet, causing her to fall with violence upon said sidewalk, by reason of which she received the injuries complained of, to the damage of plaintiff, as she alleges, in the sum of $10,000.    The defendant, answering the petition, denies each and every allegation thereof, except that defendant is a municipal corporation as alleged, which defendant admits.    And the defendant for a further answer says, that the injuries of plaintiff, if any, she received by the want of care, and negligence of plaintiff directly contributing thereto.

" 2.  The burden of proof is upon the plaintiff, and she must make out her case by a preponderance of the evidence; by preponderance of evidence is not meant the mere greater number of witnesses upon the one side or the other, but that evidence which is most convincing and satisfactory to the minds of the jurors.    In determining upon which side the preponderance of the evidence is, the jury may take into consideration the opportunities of the several witnesses for seeing and knowing the things about which they testify, their conduct and demeanor while testifying, their interest, if any, or want of interest, if any, in the result of the suit, the probability or improbability of the truth of their several statements, in view of all the other evidence and other facts and circumstances appearing upon the trial, and from all the circumstances determine the weight or preponderance of the evidence.    The jury

are the sole judges of the weight of the evidence and the credibility of the witnesses.

"3. If the jury believe from the evidence that any witness has willfully and corruptly testified falsely concerning any material matter in dispute, they may disregard the whole or any portion of the evidence of such witness; there is no inflexible rule interposed between the witnesses and the jury requiring the jury to accept or reject all the testimony of any witness.

"4. Before the plaintiff can recover a judgment in this action, it must appear by a preponderance of the evidence: First, that the plaintiff, Mary J. Bradbury, was injured as the result of a defect in the sidewalk on said Seventh street in the defendant city, as set out in her petition. Second, that said city or its officers were negligent in permitting said sidewalk to remain in said unsafe condition at the time said plaintiff was injured. To charge the defendant with negligence, it must appear that the proper officers of said city had notice of the unsafe condition of said sidewalk in time to have prevented the injury to said plaintiff by falling on said defective sidewalk, (if you find she was so injured,) or that by the exercise of reasonable and ordinary care and diligence they could have known of the unsafe condition of the sidewalk.

"5. You are instructed that it is not necessary that the defendant city should have had actual notice of the unsafe and dangerous condition of the sidewalk (if you find that the sidewalk was unsafe); if you find that said condition of said sidewalk existed a sufficient length of time before the injury to plaintiff to have enabled the defendant city, or its officers and agents, by the exercise of ordinary care and diligence, to have known of the existence thereof and remedied the same, then the law implies a notice to the defendant city of the existence of the condition.

"6. The city is liable, not only for injuries occasioned by negligently constructing defective sidewalks on its streets, or by causing such defects in them after they are constructed, but also for negligently permitting them to remain in a dangerous or unsafe condition, no matter how such condition was caused. Any person traveling upon a street has a right to use any portion of the street or sidewalk for that purpose, not already otherwise in use, and a person traveling upon a street or sidewalk of a city has a right to assume that such street or sidewalk is in a safe condition, and to act upon that assumption,

relying upon the belief that the city has performed its duty and placed and maintained such street or sidewalk in a safe condition. If the jury find from the evidence that said plaintiff is entitled to recover herein for the injuries complained of in her said petition, she will be entitled to a verdict for an amount which shall be full compensatory damages for the loss of time from the performance of her usual and ordinary labors and duties, the expenses necessarily incurred for medicines and medical attendance, and for the physical pain which have resulted from the injury, up to the time of the commencement of the action; and if you find from the evidence that said plaintiff is still disabled from such injury, such further damages as appear from the evidence to be the natural and probable result of such injuries, taking into consideration the permanency or probable duration of the same, not exceeding in all the sum of $10,000.

"7. In order for the plaintiff to recover in this action, she must satisfy the jury from the evidence that she received her injuries (if you find she received any injuries) from defects in the sidewalk of the defendant city, at the place and of the character and in the manner set out in her petition, and that such defects were of a character that they could be discovered by the exercise of ordinary care and diligence.

"8. By reasonable and ordinary care and diligence, is meant that degree of care and prudence which an ordinarily careful and prudent man would be expected to use under similar circumstances."

At the instance of the defendant, the court instructed the jury as follows:

"1. Municipal corporations are bound to keep their streets and sidewalks in a reasonably safe and suitable condition of repair only for public travel, by night and by day; accidents may happen notwithstanding the utmost care and diligence, and the corporation does not warrant against accidents. The amount of care and diligence to be reasonable may vary with the circumstances of each case, but in all cases they must be relative to the risk, to be reasonable care and diligence; when this is done, the corporation has performed its duty to the public.

"2. The court instructs the jury that it was the duty of the plaintiff to exercise ordinary care and diligence in traveling along the sidewalk to avoid accidents, and this care and diligence increases or diminishes with the circumstances of the

case; for instance, if the night was dark when traveling on. the sidewalk, it would be a duty to exercise more care and caution than in open day; and if you find from the evidence that plaintiff did not exercise care and caution commensurate with the surrounding circumstances, and such want of care materially contributed to the injury, then the plaintiff cannot recover.

"3. In the absence of express notice to the defendant city or its officers of the defects which caused the injury sustained by plaintiff, the plaintiff cannot recover, unless it is shown from the evidence that the time the sidewalk was out of repair (if you find from the evidence that it was out of repair) was so long that the city, defendant, ought to have known of it and repaired it before the accident, or that the officers of the city were guilty of negligence in not knowing of it and repairing it before the accident.

"4. Evidence of the existence of loose boards, other than the one upon which the plaintiff tripped, is not competent for your consideration for any purpose except as it may tend to show the want of the exercise of due care on the part of the defendant, which would have led to the discovery on its part of the fact that the board upon which plaintiff tripped was loose at the time of the injury."

The jury returned a verdict for the plaintiff, and assessed her damages at $2,300. They also made and returned the following special findings of fact:

"1. Was there any defect in the sidewalk on Seventh street where it is claimed the plaintiff sustained the injury; if so, what was the defect? Make full specifications. A. Yes; a loose plank.

"2. If you find there was any defect in the sidewalk where plaintiff was injured, how long was such defect in the walk before the happening of the accident to the plaintiff? A. About six months.

"3. When the sidewalk was constructed, was it constructed with reasonably good and sufficient material in all respects and with reasonably good and sufficient workmanship? A. No.

"4. Did the city, defendant, have any notice of the defect in the sidewalk, if you find there was any defect; if so, what officer of said city, defendant, had such notice? A. There was no notice, except implied notice.

25—45 KAS.

"5. How did the accident happen to the plaintiff; from what cause did plaintiff fall on the sidewalk, if you find she did so fall upon it? A. By unfastened board tipping up.

"6. Was the cause of the fall of plaintiff on the sidewalk a loose plank tipping up and throwing her down? A. Yes.

"7. Did the defendant, the City of Kansas, have notice that the board upon which plaintiff tripped was loose at the time of the injury? A. Yes.

"8. How many nails were in the board upon which plaintiff tripped? A. There were none.

"9. What were the dimensions of the posts and of the stringers, and the thickness of the boards in the sidewalk, at the place of the injury? A. Posts, 4x4; stringers, 2x4; planks, 2x6 and 2x8 and 2x12.

"10. How long had the board upon which the plaintiff tripped been loose at the time of the injury? A. Six months.

JOHN RILEY, *Foreman.*"

The defendant filed a motion for a new trial, which was overruled. It excepted, and brings the case here.

*W. S. Carroll,* for plaintiff in error.

*Alden & McGrew,* and *Scroggs & Gibson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Mrs. Mary J. Bradbury against the city of Kansas City, to recover damages for personal injuries alleged to have been caused on the night of the 29th of August, 1886, by reason of the unsafe and defective condition of a sidewalk on Seventh street in that city. It was clearly established by the evidence that Mrs. Bradbury was tripped up and thrown down by a loose board or plank in the sidewalk, and thereby severely and permanently injured. There is no evidence in the record tending to show any contributory negligence upon her part, and the principal question of fact for the determination of the jury was, whether prior to the injuries complained of the defects in the sidewalk were known to the officers of the city having charge of the streets, or could have been known by

the exercise of ordinary care and diligence upon their part. The jury found specially that the sidewalk was defective where Mrs. Bradbury was injured, and that the defects in the sidewalk had existed about six months before she was injured. The jury also found that the sidewalk was not properly constructed.

It is contended that the board or plank of the sidewalk which caused Mrs. Bradbury to fall was loose for only a short time before her injury. An instruction was asked by the city to the effect that—

"If the jury believe from the evidence the sidewalk upon which the plaintiff fell and was injured was in a reasonably safe and suitable condition of repair at the time of the alleged injury, save and except the loose board that flew up and tripped the plaintiff, they should find for the defendant."

An examination of the record shows there was evidence supporting the findings of the jury, and therefore we cannot say that there was no proof to sustain the judgment. In this view, the instruction was properly refused. All questions of fact in such a case are for the jury to decide, not the court.

It is also contended that the trial court committed error in refusing various other instructions prayed for. The instructions given sufficiently covered the ground. The facts of the case were in a very narrow compass. Other and further instructions would not have been beneficial, unless the court had explained to the jury what it meant when it referred to "the proper officers of the city having notice of the condition of the sidewalk." The court undoubtedly meant the officers of the city having charge of the repairs of the streets, but the city did not ask the court to define "the proper officers," and the instruction cannot be said to have been erroneous or misleading.

The objection to the order in which the evidence was admitted is not well taken, because in such matters a court has some discretion. A trial court may even open a case for the purpose of receiving further evidence. ( *West v. Cameron*, 39

Kas. 736; *The State v. Sowders*, 42 id. 312, and cases there cited.)

It is further contended that the court erred in refusing to submit to the jury the following questions:

"Q. What sum do you find, if any, that the plaintiff is entitled to on account of money paid for medicine and the services of a physician?

"Q. What damage do you find, if any, for the plaintiff for loss of time from the performance of her usual labors and duties?"

The court very properly might have submitted the first question. A similar question was submitted in *City of Salina v. Trosper*, 27 Kas. 544. Either party has a right to a written finding upon any particular question of fact involved in the case. (*K. P. Rly. Co. v. Reynolds*, 8 Kas. 623; *Bent v. Philbrick*, 16 id. 190; *City of Wyandotte v. Gibson*, 25 id. 236.) But an examination of the record shows that no material error was committed in the refusal to submit the first question, and no error whatever in refusing to submit the last one.

The evidence as to expenses for medicines and medical attendance was uncontradicted. Mrs. Bradbury testified upon that matter. Her evidence was not controverted. As to the last question, there was no positive or specific statement by any witness of the value of the services of Mrs. Bradbury. She testified that she was a nurse, but did not state what her daily, weekly or monthly wages were; therefore there was no evidence offered upon which to submit the last question.

Upon the record presented to us, we cannot perceive any error occurring upon the trial prejudicial to the rights of the defendant, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.