THE STATE OF KANSAS v. SID. APPLEBY.

No. 12,828. (71 Pac. 847.)

SYLLABUS BY THE COURT.

CRIMINAL PRACTICE—*Information*—*Duplicity*. Where two sections of a criminal statute are intended, in a general way, to cover the same offense, or different degrees of the same offense, but the offense defined in either is not included in the other, an information which fairly charges an offense under one of such sections is not open to the charge of duplicity because some of the language used is similar to that found in the other section.

Appeal from Chautauqua district court; G. P. AIK-MAN, judge. Opinion filed March 7, 1903. Affirmed.

*C. C. Coleman*, attorney-general, *D. E. Rathbun*, and *J. W. Mertz*, for The State.

*Fitzpatrick & Shukers*, for appellant.

The opinion of the court was delivered by

GREENE, J. : The appellant and three others were arrested and bound over by a justice of the peace to appear before the district court of Chautauqua county to answer the charge of felonious assault on the sheriff

and posse, while attempting to execute a warrant for their arrest. An information was filed against them, which, upon motion, was quashed. The defendants were immediately rearrested on the same charge. Another preliminary examination was held on the day of their last arrest, and they were bound over to appear in court. On the following day an information, charging them with the same offense attempted to be charged in the former information, was filed. A motion was filed to quash this information for duplicity, but it was overruled. On the day thereafter the case was called for trial, and the appellant demanded a separate trial, which was granted. The cause was then tried and a verdict of guilty returned, upon which the appellant was sentenced to the penitentiary. Error is predicated upon the overruling of the motion to quash the information. The information charged :

"That the above-named defendants, Sid. Appleby, Arl. Banning, Ross Groves, and Sol. Appleby, on or about the 26th day of February, 1901, at and within the county of Chautauqua and state of Kansas, then and there being, did unlawfully, feloniously, on purpose and of malice aforethought . . . in resisting the execution of legal process, the said J. W. Taylor being then and there the duly elected, qualified and acting sheriff of said county of Chautauqua, state of Kansas, and having then in his hands and being then attempting to execute and serve a legal warrant against the said Sid. Appleby, Arl. Banning, Ross Groves, and Sol. Appleby . . . at the time and place aforesaid and in the manner aforesaid, of malice aforethought did unlawfully and feloniously shoot at the said J. W. Taylor, A. A. Dennis, James Wheeler, George Dale, F. B. Dugan, and Walter Bumgarner with the intent to resist and in resisting, obstructing, and hindering, the execution of legal process."

The contention is that this information charges an

offense under sections 38 and 164 of the crimes act (Gen. Stat. 1901, §§ 2023, 2159), which read:

"SEC. 38. Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by confinement and hard labor for a term not exceeding ten years."

"SEC. 164. If any person or persons shall knowingly and wilfully obstruct, resist or oppose any sheriff or other ministerial officer in the service or execution or in the attempt to serve or execute any writ, warrant or process, or in the discharge of any official duty in any case of felony, every person so offending shall upon conviction be punished by confinement and hard labor for a term not exceeding five years, or by imprisonment in the county jail for a term not less than six months, or a fine not less than $500."

While these two sections, in a general way, make it an offense to obstruct an officer in the execution of process, it will be observed that the offense covered by one is not included in the other. In the present case the appellant is charged with felonious assault. This is covered by section 38 and not included in section 164. While some of the language used in the information may be found in section 164, it is clear that it was not the intention of the pleader to charge a crime under that section, and the facts charged do not constitute an offense under section 164. The motion to quash for this reason was properly overruled. The evidence in this case is clearly sufficient, in our judgment, to sustain the verdict of the jury.

23—66 KAN.

There are numerous other alleged errors assigned, but upon an examination we are unable to discover any which substantially or prejudicially affect the rights of the defendant.

The judgment of the court below is affirmed.

All the Justices concurring.