THE STATE OF KANSAS, *Appellee,* v. CLARENCE E. GALLAMORE, *Appellant.*

No. 17,195.

SYLLABUS BY THE COURT.

1. INFORMATION—*Duplicity.* Sections 38 and 42 of the crimes act (Gen. Stat. 1909, §§ 2526, 2530) each contains but one offense. A count, therefore, in an information which contains the language of one of these sections only is not bad for duplicity.

2. EVIDENCE—*Entries on Police Judge's Docket by Acting Officer.* Where a justice of the peace is acting as police judge, as provided by section 1428 of the General Statutes of 1909, the entries on his docket are proper evidence to show the proceedings had in a case pending before him the same as if he were the regular police judge.

3. INSTRUCTIONS—*Refusal—Material Portions Given Elsewhere.* The refusal to give an instruction requested will not be held

erroneous where the material portions of such instruction are elsewhere given.

4. ——— *Applicability to the Issues.* An instruction will not be deemed erroneous where there is evidence which applies to the law stated therein and justifies the finding of the jury thereunder.

Appeal from Barton district court. Opinion filed November 5, 1910. Affirmed.

*D. A. Banta,* for the appellant.

*Fred S. Jackson,* attorney-general, and *James W. Clarke,* county attorney, for the appellee; *Elrick C. Cole,* of counsel.

The opinion of the court was delivered by

GRAVES, J.: The appellant was convicted in the district court of Barton county of assaulting an officer, and of resisting such officer in the service of legal process. He appeals from such conviction to this court. There are two assignments of error: (1) The denial of a motion to quash the second count of the information, and (2) the admission of testimony.

In the case of *The State v. Appleby,* 66 Kan. 351, the information was substantially the same as in the one of which complaint is here made, and the objection made thereto was also practically the same. That case seems to end the controversy here so far as this point is concerned. The motion to quash was properly denied.

The admission of the evidence of James Clayton, police judge, concerning a case commenced before J. H. Jennison, a justice of the peace who was acting as police judge at the time the warrant was issued, was permitted, we assume, for the purpose of showing that the process which the marshal was attempting to serve when assaulted was valid and issued according to law. In the absence of a police judge a justice of the peace may act as such absent officer. (Laws 1872, ch. 100, § 77, Gen. Stat. 1909, § 1428.) We are unable, in view of this

statute, to say that the admission of this evidence was erroneous. For the same purpose it was proper to introduce the record showing what was done in the police court in the cause. Entries made by either the regular police judge or the person properly acting as such are equally proper evidence of the proceedings had in a pending action, and are admissible. (*In re Corum,* 62 Kan. 271.)

Complaint is made of an instruction given by the court which reads:

"You are instructed that a city marshal has authority when acting with a warrant properly issued to arrest any person who commits a breach of the peace within his city, and, if the person sought to be arrested resists or flees, to use such force as may be reasonably necessary under the facts and circumstances to apprehend the offender; but before having a right to resort to such force such officer must use such language and so act as to make clear to the offender his intention then and there to take him into custody."

Just what occurred at the time of the attempted arrest is not clear. The evidence is conflicting. Under the evidence of the state the instruction is applicable and proper, and the jury seem to have taken that view of the case, and we can not, therefore, find that the instruction was erroneous.

Complaint is made of the refusal of the court to give certain instructions requested by the appellant, which read:

"You are instructed that an officer in making an arrest, with or without a warrant, has no right to resort to the use of a dangerous weapon in order to effect an arrest except in self-defense, even though the person sought to be arrested is resisting his authority.

"In case of resistance under such circumstances, the officer has the authority to call upon bystanders, and, unless acting in self-defense, it is his duty to call for assistance from bystanders, and if necessary to go in quest of assistance, rather than to resort to the use of a dangerous or deadly weapon, and if under such circumstances the officer resorts to the use of a dangerous

weapon, without justifiable excuse, the party sought to be arrested by such means has the legal right to resist the use of such weapon upon him by the exercise of such force as appears reasonably necessary to make such resistance effective and protect himself from harm."

In place of these the court gave the following:

"The court instructs the jury that the law of this state defines the duties incumbent upon the several officers in the service of process and in making arrests, and provides that the officer in making an arrest must inform the person he is arresting that he acts under the authority of a warrant, and must show the warrant if required by such person; and if you find from the evidence in this case that, at the time the city marshal attempted to arrest the defendant, the defendant requested the marshal to read the warrant, which he refused to do, and at once began an assault upon the defendant, who had made no effort to resist him, then and in such case the defendant would have been justified in resisting such assault by the officer, and in doing so he was justified in using all of the force apparently necessary to protect himself from injury, and in making such resistance he would not be guilty of an assault upon the officer, nor of resisting him in his attempt to make service of such warrant in that manner.

"You are instructed that an officer of the law, whether sheriff, deputy sheriff, constable, deputy constable, city marshal or other peace officer, has no legal right to assault any person with a dangerous or deadly weapon while attempting to effect the arrest of such person, except in self-defense, and if any such officer, in seeking to make an arrest, either with or without a warrant, unnecessarily assaults the person sought to be arrested, by the use of a dangerous or deadly weapon, such person has a legal right to resist such assault by the use of sufficient force to protect himself from injury, and in making such resistance he would be guilty of no crime under the law, unless he carried his resistance to an unnecessary extent after such assault by the officer had ceased."

We think the instructions given by the court sufficiently cover the question, and no error can be predicated upon the refusal to give those requested.

There are several other questions presented, but after a careful examination of them we are unable to find any material or prejudicial error. The appellant was fully notified by the marshal that he had a warrant and was there to make the arrest, and he requested the appellant to come along and not make any trouble. At this the appellant became violently angry and vigorously assaulted the marshal. The rights of the appellant seem to have been well protected during the trial.

The judgment of the district court is affirmed.