No. 24,204.

THE STATE OF KANSAS, *Appellee,* v. F. H. PERKINS, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Exclusion of Immaterial Matters on Cross-examination.* It is not reversible error to exclude immaterial matters on cross-examination.

2. SAME—*Chattel Mortgage on Exempt Property—Not Signed by Wife—Purchase Price of Automobile—Mortgage Valid.* A chattel mortgage on exempt personal property given to secure a note executed for the purchase price of the property is valid although not signed by the wife of the mortgagor, and a subsequent chattel mortgage on the same property executed to secure a renewal note to take up the first note is also valid although not signed by the wife of the mortgagor.

3. SAME — *Concealment of Chattel-mortgaged Property — Requested Instructions.* There was evidence which tended to prove that the defendant had concealed chattel-mortgaged property with the intent to defraud the mortgagee, and a requested instruction that the defendant be discharged was properly refused.

4. SAME—*Requested Instructions.* A requested instruction, partly good and partly bad, may be refused.

5. SAME—*Evidence—Declarations of Defendant Made After Crime was Completed.* Declarations by a chattel mortgagor charged with concealing the mortgaged property with the intent to defraud the mortgagee, made after the transaction constituting the crime had been completed, may be rejected when offered in evidence by the chattel mortgagor in his defense on the trial.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed December 9, 1922. Affirmed.

*Oscar E. Learned,* and *Thomas Harley,* both of Lawrence, for the appellant.

*Richard J. Hopkins,* attorney-general, and *A. B. Mitchell,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of concealing chattel-mortgaged property with intent to defraud the mortgagee.

1. The first complaint is of the restriction of the defendant's cross-examination of one of the plaintiff's witnesses. We quote from the defendant's abstract:

"Witness testified that Mrs. Perkins was in their place of business, that he made out a statement of Mr. Perkins' account, and the amount of the note which would have acted as a bill of sale; that this was made out the day

after Mrs. Perkins was there. Mrs. Perkins told them to leave it at the Lawrence National Bank, that he has not that statement now.

"Q. Did you tell her you would leave it there?

"Q. Was Mrs. Perkins in there more than once?

"Q. Have you that statement now?   A. No sir.

"Q. Do you know what became of the statement?"

Objections to the four questions asked were sustained by the court. The matter sought to be elicited by this cross-examination does not appear to have been material. The court could have permitted the questions to have been answered without committing error, but it does not appear that any prejudice resulted from refusing to permit the questions to be answered.

2. The defendant contends that the chattel mortgage was void because it was on exempt property and was not signed by his wife. The defendant purchased an automobile from the Lawrence Buick Company at Lawrence and in part payment gave a note secured by a chattel mortgage. That note was not fully paid at its maturity, and a new note was given with a new chattel mortgage on the same property to secure the payment of the note. In *Boggs v. Kelly*, 76 Kan. 9, 90 Pac. 765, this court said:

"The statutory requirement that a mortgage of exempt personal property must be executed jointly by the husband and wife when that relation exists (Gen. Stat. 1901, § 4255 [Gen. Stat. 1915, § 6506.]) has no application to a mortgage given for a part of the purchase-price of the mortgaged property at the time of its sale by the mortgagee to the mortgagor." (Syl. ¶ 2.)

The rights of the automobile company under the first note and mortgage continued under the second note and mortgage. The failure of the defendant's wife to sign the mortgage did not render it invalid even if the automobile was exempt property. There was no evidence to show that the automobile was exempt.

3. At the close of the evidence for the state defendant requested that the jury be instructed to discharge him for the reason that he did not commit any offense and that the state had failed to show that at any time he had concealed the mortgaged property with the intention of defrauding the mortgagee. The evidence tended to show that the defendant, after giving the chattel mortgage, left Douglas county, the county of his residence, took the automobile with him, and went to Arizona where he was known by an assumed name given by him. That evidence was sufficient to justify the jury in concluding that he took the automobile away from Douglas county to conceal it with intent to defraud the mortgagee.

The State v. Perkins.

4. The defendant requested the following instruction:

"In determining the question of intention to defraud, you have a right and it is your duty to take into consideration the acts of the defendant during the time the property is alleged to have been concealed. His effort, if any, to satisfy the debt, to obtain the consent to sell the automobile and to have as much of the purchase price as was necessary to pay the debt applied for that purpose. It is hard to reconcile the intent to defraud with an intent at the same time to pay the debt."

All of the instruction requested except the last sentence might have been given, but the last sentence is not law; it is argument, and the court was not compelled to give it. (*Mayberry et al. v. Kelly,* 1 Kan. 116; *Rice v. The State,* 3 Kan. 141, 152; *John C. Douglas v. Cora Wolf and others,* 6 Kan. 88; *Kansas Ins. Co. v. Berry,* 8 Kan. 159; *Dickson v. Randal,* 19 Kan. 212; *Condiff v. K. C. Ft. S. & G. Rld. Co.,* 45 Kan. 256, 25 Pac. 562.)

5. Complaint is made of the following instruction given by the court:

"There is some testimony before you in regard to communications alleged to have been made by the defendant to his wife, in regard to several matters. I think that this testimony was erroneously admitted, and that it should not be considered by you in arriving at a verdict and it is withdrawn from your consideration."

The instruction shows the nature of the evidence in regard to which the instruction was given. The testimony of the wife concerned letters she had received from her husband. Her testimony concerning the contents of those letters was properly excluded. If those letters gave his explanations or reasons for taking the car from Douglas county, they would be self-serving declarations, to which declarations he could not testify if he were on the stand as a witness. He could testify concerning his reasons and give his explanation for taking the car away, but he could not state his reasons or give explanation to another person and have that person testify to them. Any statement made by him could be introduced in evidence against him, but he could not introduce in evidence in his own behalf any statement made by him concerning his taking the property from Douglas county, unless that statement was so intimately connected with that taking as to constitute a part of the *res gestæ.* The statements in the letters were made after whatever crime was committed by the defendant had been completed and were not a part of the *res gestæ.*

The judgment is affirmed.