State v. Hoel.

---

No. 26,308.

THE STATE OF KANSAS, *Appellee*, v. ROBERT HOEL, *Appellant*.

SYLLABUS BY THE COURT.

1. HOMICIDE—*Trial—Instructions.* There was no error in refusing to give requested instructions nor in the instructions given.

2. SAME—*New Trial—Postponement of Hearing.* There was no error in refusing to postpone the hearing of the motion for a new trial in order to give the defendant time to procure evidence to prove that a juror who served was disqualified to act as such.

3. SAME—*New Trial—Refusal of Complaining Party to Argue.* There is no error in passing on a motion for a new trial without argument where the party complaining declines to argue the motion.

4. SAME—*Evidence—Sufficiency.* The verdict was supported by sufficient evidence.

5. SAME—*Trial—Misconduct of County Attorney.* It does not appear that the county attorney was guilty of such misconduct on the trial as compels a reversal of the judgment.

6. SAME—*Trial—Discretion of Trial Court.* It does not appear that the court abused its discretion in permitting or limiting the cross-examination of witnesses, nor in admitting evidence in rebuttal which should have been introduced in chief.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed February 6, 1925. Affirmed.

*Arthur M. Jackson*, of Leavenworth, for the appellant.

*Charles B. Griffith*, attorney-general, *Malcolm McNaughton*, county attorney, and *William D. Reilly*, assistant county attorney, for the appellee.

Criminal Law, 16 C. J. pp. 868 n. 40, 872 n. 76, 983 n. 27, 1063 n. 85, 1245 n. 9; 17 C. J. pp. 244 n. 63, 298 n. 22. Homicide, 30 C. J. pp. 308 n. 19, 312 n. 42, 329 n. 20, 368 n. 16, 376 n. 66. Witnesses, 40 Cyc. p. 2512 n. 43; 28 R. C. L. 599.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction of murder in the first degree. He interposed a plea of self-defense.

1. It is urged that the trial court committed error in refusing to give instructions requested by the defendant and in the instructions given to the jury. The matters of which complaints are made in the instructions refused and in those given are argued at length in the briefs. It is not necessary to discuss them here at equal length. Seven requested instructions are printed in the abstract. Six of those contain the statement that if the defendant reasonably believed that he was in imminent danger of his life or of great bodily harm, he was justified in taking the life of the deceased. In none of those requested instructions was the jury told that it was for them to judge of the reasonableness of that belief. In *State v. Schwenk,* 101 Kan. 408, 412, 167 Pac. 743, the court said:

"The jury were instructed that in order to justify the defendant in killing her husband, there must have been reasonable ground to believe she was in imminent danger of death or great bodily harm, and that the jury were to judge whether or not the circumstances were such as to induce such a belief. The defendant says the instructions to this effect trenched upon her right to act upon the circumstances as they appeared to her. This subject has been treated at length in so many decisions of this court that it is not necessary to do so again. It is perfectly true that a person assaulted is justified in acting on facts as they appear to him, and is not to be judged by the facts as they actually existed according to subsequent proof. If an assailant appear to be in the act of shooting, he may be killed in self-defense, although the gun was not loaded. But the statute requires reasonable cause to apprehend a design to commit a felony or to do some great personal injury (Gen. Stat. 1915, § 3370), and that reasonable cause must appear to the jury." (See, also, *State v. Bohan,* 19 Kan. 28; *State v. Clark,* 69 Kan. 576, 585, 77 Pac. 287; *State v. Keehn,* 85 Kan. 765, 791, 118 Pac. 851.)

The other one of the seven instructions requested contained the following language:

"The theory of the law is that it is better to let a guilty man go free than to convict an innocent man or one who may be innocent of the offense charged against him."

There is no such principle in the law of this state. In *State v. Hoerr,* 88 Kan. 573, 587, 129 Pac. 153, this court in passing on a similar requested instruction said:

"The court was asked to give a general instruction that it is the policy of the law that it is better that a guilty person should escape rather than that

State v. Hoel.

an innocent man should be convicted. It is doubtful whether juries are assisted by such general observations, after being fully instructed, as they were in this instance, upon the presumption of innocence and the necessity of proof of guilt beyond a reasonable doubt before a verdict of guilty can be found."

In *Condiff v. K. C. Ft. S. & G. Rld. Co.*, 45 Kan. 256, 25 Pac. 562, the court said:

"The trial court is not required to give instructions which need limitations and qualifications to make them applicable to the case." (Syl. ¶ 3. See, also, *State v. Perkins,* 112 Kan. 455, 457, 210 Pac. 1091.)

The instructions given fully and correctly stated the law, including that of self-defense. In *Kansas City v. Bradbury,* 45 Kan. 381, 25 Pac. 889, this court stated that—

"If the instructions of the court cover the entire ground, and inform the jury upon all matters necessary for their determination and inform them correctly, this is sufficient." (See, also, *State v. Hoel,* 77 Kan. 334, 94 Pac. 267; *State v. Hansford,* 81 Kan. 300, 106 Pac. 738; *State v. Gallamore,* 83 Kan. 412, 111 Pac. 472; *State v. Chiles,* 90 Kan. 787, 136 Pac. 225; *State v. Patterson,* 98 Kan. 197, 199, 157 Pac. 437; *State v. Covington,* 99 Kan. 151, 160 Pac. 1009.)

The parts of the requested instructions which stated the law correctly and which were applicable were in substance given by the court.

In *Axtell v. City of Newton,* 108 Kan. 32, 193 Pac. 1054, the court declared that:

"Where the substance of instructions requested is given there is no error in refusing to give those requested." (See, also, *Rapid Transit Rly. Co. v. Fox,* 41 Kan. 715, 21 Pac. 707; *Oil & Gas Co. v. Howerton,* 111 Kan. 304, 206 Pac. 909.)

There was no error in the instructions given, nor in refusing to give those requested.

2. It is urged that "the trial court erred and abused its discretion in refusing to pass the hearing of defendant's motion for a new trial over to February 28, 1925, as requested by defendant." The verdict was returned on February 13, 1925, and a motion for a new trial was filed on the same day. On February 17, the county attorney wrote to defendant's counsel and informed him that the motion for a new trial would be heard on Saturday, February 21, 1925. That letter was received by defendant's counsel on February 18, 1925. The motion was heard on February 21, 1925. The order on the motion for a new trial recites that—

"Thereupon said A. M. Jackson, as attorney for said defendant, objected to the hearing of said motion at this time and stated, in open court, that said defendant was not ready or prepared to present or argue said motion at this time and requested that said motion be passed until Saturday, February 28, 1925; that said attorney for the defendant then and there stated that, with due diligence, he was procuring evidence to show to the court that one of the jurymen who tried this case was clearly disqualified to sit as a juror in the trial of the case in that he was not a taxpayer of Leavenworth county, Kansas, and that before the trial he had stated to several different persons . that the defendant was guilty of murder, and that during the trial said juryman stated to one or more persons that he had his mind made up as to the guilt of the defendant before he was sworn as a juryman; that he then had affidavits from two persons to that effect and desired to procure the names of other persons to whom said juryman had made such statements, but that he did not then desire to disclose the names of the persons making such affidavits or those from whom he expected to procure affidavits or the names of the persons to whom he claimed said juryman had made such statements; that said affidavits, which he claimed he then had, were not produced, filed, or offered in evidence in the case, and no names of persons given to whom it was claimed said juryman had made such statements; and the objections of the defendant were thereupon overruled and the hearing of said motion was proceeded with."

There was no error in refusing to delay the hearing of the motion for a new trial.

3. Another matter urged is that "the trial court erred in overruling defendant's motion for a new trial without argument thereon." The judgment recites the request for delay in hearing the motion and the ruling thereon and then recites that "the attorney for the defendant declined to argue said motion for a new trial any further; and after listening to the arguments of the county attorney upon said motion, said motion for a new trial was by the court overruled." The court could not compel the defendant to argue his motion for a new trial, and it was not the duty of the court to delay the hearing of the motion until the defendant was disposed to argue it.

4. It is argued that "the trial court erred in refusing to set aside the verdict of the jury, as it was evident that said verdict was not supported by the evidence and was based entirely on prejudice and passion of the jury." This presents but one question, that of the sufficiency of the evidence to support the verdict. There was evidence which, very briefly summarized, tended to show that the deceased, a man by the name of Couzens, who was a soldier, with two soldier companions, was walking along the street; that the defendant stepped out of his place of business onto the sidewalk, shot and killed Couzens, pointed his gun toward the companions of Couzens and

State v. Hoel.

commanded them to go away. Self-defense was urged as a justification for the killing. There was evidence which, if it had been believed by the jury, would have justified it in returning a verdict of not guilty on the ground of self-defense. From the record, the court concludes that the jury did not believe the evidence which tended to show self-defense and did believe that which tended to show that the killing was premeditatedly done.

5. The defendant says:

"We think the trial court clearly erred in overruling the motion for a new trial on the several grounds therein set forth. The record shows a number of instances in which the county attorney was guilty of misconduct during the trial, in the presence of the jury, grossly prejudicial to the rights of the defendant as complained of in the seventh ground, and which were duly objected to by defendant, his objections being overruled and exceptions taken at the time. This is particularly true as to the misconduct of the county attorney shown at pages 8, 9, 10, 16, 17 and 18 of the abstract of appellant."

The matters complained of and set forth in the abstract have been carefully examined. There is no reversible error in them.

6. The defendant says:

"The ninth ground of the motion was also well founded, as shown on pages 5, 9, 10, 16, 17, 18 and 19 of the abstract. The twelfth ground was also well founded, as, certainly, the testimony shown at pages 19-23 of the abstract was not proper rebuttal but was allowed to go to the jury over the objections of defendant, as shown. This testimony was clearly a part of the state's case in chief if it desired to introduce it."

The ninth ground of the motion for a new trial was as follows:

"Erroneous rulings and decisions of the court during the trial, which were grossly prejudicial to the material, lawful and constitutional rights of this defendant."

The matters here complained of occurred on the cross-examination of witnesses which was largely subject to the discretion of the court. In *State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406, this court said:

"The extent to which a witness may be cross-examined on matters irrelevant and collateral to the main issue, with a view of impairing his credibility, depends upon the appearance and conduct of the witness, and all the circumstances of the case, and necessarily rests in the sound discretion of the trial court; and only where there has been a clear abuse of that discretion will error lie." (Syl. ¶ 3. See, also, *Bassett v. Glass*, 65 Kan. 500, 70 Pac. 336; *State v. Ross*, 77 Kan. 341, 346, 94 Pac. 270; *State v. Bowers*, 108 Kan. 161, 165, 194 Pac. 650; *State v. Roselli*, 109 Kan. 33, 38, 198 Pac. 195; *Harmon v. Theater Co.*, 111 Kan. 252, 206 Pac. 875.)

The twelfth ground of the motion for a new trial was:

"That the court erred in permitting the state of Kansas to introduce testimony and evidence as rebuttal evidence, over the objections of defendant, which was not rebuttal evidence."

Complaints of this character have often been made in this court. In *State v. Bussey*, 58 Kan. 679, 50 Pac. 891, the court said:

"The matter of reopening a case upon the application of a party after the testimony has been closed and the witnesses of the opposing side discharged, is largely within the discretion of the court."

A number of cases might be cited to support this rule. If a court has power to reopen a case to permit the introduction of evidence in chief, it follows that the court has power to permit the introduction of evidence in chief on rebuttal before the introduction of evidence has been closed.

The judgment is affirmed.